**UNITED STATES of America, Appellant,**

v.

**Mary Jean MURRAY et al., Appellees.**

**No. 71–1625.**

United States Court of Appeals, Tenth Circuit.

July 14, 1972.

C. Nelson Day, U. S. Atty., Salt Lake City, Utah, for appellant.

Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, for appellees.

Before SETH and HOLLOWAY, Circuit Judges, and LANGLEY, Chief District Judge.*

LANGLEY, District Judge.

Two men, passengers in a private airplane, were killed when the plane crashed at the Bryce Canyon Airport, in Utah, in an attempt by the pilot to obtain runway lighting at night by circling or buzzing the field. Their survivors filed this action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), in the District Court for the District of Utah, claiming negligence of the government's employees as the cause of the accident. From an adverse judgment, 327 F.Supp. 835, the United States has appealed.

No contention is made that discretionary functions rather than operational are involved, and we think none is warranted. See Sullivan v. United States, 411 F.2d 794 (5th Circuit), affirming the case on the basis of the opinion of the District Court reported in 299 F. Supp. 621 (N.D.Ala.1969), and the cases therein cited. The appellant complains that it was denied a fair and impartial hearing by the trial judge, which we have considered and find to be without merit. It also maintains that interest on the awards to the survivors, if allowed to stand, should have been fixed at four percent rather than eight, as provided by 28 U.S.C. § 2411, which the appellees now concede. But primarily, the government contends that the evidence does not support the findings and conclusions of the trial court on the issue of liability. We do not agree.

The passengers who died in the crash, Joe W. Murray and John Richard Droubay, together with the pilot of the plane, Don C. Kelley, who was also killed, left Provo, Utah, between 5:45 P.M. and 6:00 P.M. on November 8, 1969, in Kelley's aircraft and arrived at the Bryce Canyon Airport around 7:00 P.M., after dark. The Federal Aviation Administration, an agency of the United States, maintains a flight service station at the airport which is attended full time. Aeronautical charts issued by the agency indicate that runway lights are available at night upon request, either by radio or by buzzing or circling the field. The duties of the attendant include looking and listening for planes buzzing the field at night and turning the lights on when requested in this way. In this instance the employee on duty turned the runway lights on when he heard the plane pass overhead. This much the evidence establishes without serious dispute.

■ The initial problem with respect to the evidence is whether this was the only pass the plane made before crashing, as the government contends, or whether the evidence supports the finding of the trial judge that it was the last of a series. One group of witnesses at about 7:00 P.M. heard a plane come from the south and head northeast parallel to and on the east side of the airport runway, and saw that the runway lights were not on at the time. Another witness, an off-duty F.A.A. employee, said he heard an airplane in the vicinity of the airport and then saw the plane directly over the F.A.A. complex, which is located three-fourths of a mile south of the flight service station, turning west from a southerly direction. It then headed northeast toward the flight service station, which is on the west side of the runway, with its landing lights and tail light flashing several times. He fixed the time at shortly before 7:00 P.

* Of the Eastern District of Oklahoma, sitting by designation.

M. and said the runway lights were not on. The F.A.A. employee on duty testified that he heard the plane pass overhead once, and promptly turned on the lights. Other evidence indicated that the aircraft struck the ground approximately 1500 feet west of the flight service station going west, affording a reasonable inference that the plane was headed west and flying low when it passed the service station this time. The trial judge found that the witnesses who heard or saw the airplane did so during different flights of the plane over the airport, accounting for at least three passes before the one heard by the flight service station attendant, the last. Clearly, this conclusion is one that can reasonably be drawn from the evidence and it will not therefore be disturbed on appeal. Rule 52(a), Fed.Rules of Civ. Proc.; Stoody Co. v. Royer, 374 F.2d 672 (10 Cir., 1967).

The next question is whether or not the failure of the attendant on duty to hear at least three passes amounts to negligence proximately causing the accident. We agree with the trial judge that it does. Watching and listening for just such requests for runway lighting was part of his job according to his own statement, and we think that in the careful discharge of this duty three passes should have been enough to attract his attention. He testified that it was difficult to hear planes overhead from inside the service station, a possible, even probable, explanation of his failure to hear the plane earlier, but not an excuse. There is no direct evidence in the case as to the actual cause of the crash except the opinion of an expert offered by the government, not admitted by the trial court but considered here. It was his opinion that the pilot became disoriented in the dark while flying west away from the then lighted runway. This in our opinion lends further support to the conclusion of the trial court that lack of a lighted area furnished in time, which the pilot had the reasonable right to expect, contributed directly and proximately as the cause of the disorientation and resulting crash. Equally persuasive with us, however, on the issue of proximate cause, is the fact, reasonably inferred from the evidence by the trial judge, that immediately prior to the crash the plane was flown dangerously low in an effort to obtain the lighting which the pilot's previous efforts had not secured because of appellant's negligence in failing to keep an adequate look out. We are satisfied that under the evidence the negligence of the government as the proximate cause of the accident and resulting deaths reaches the level of reasonable probability, United States v. Gravelle, 407 F.2d 964 (10 Cir. 1969).

It is our view, therefore, that the case should be remanded to the trial court for amendment of the judgment to provide for interest at four percent, and that as amended the judgment be

Affirmed.